**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MARGARET DEMORE,                    :
                                    :  Civil Action No. 10-3747 (JBS)
            Plaintiff,              :
                                    :
      v.                            :       **O P I N I O N**
                                    :
DET. THOMAS MOYNIHAN,               :
                                    :
            Defendant.              :
_____ :

**APPEARANCES:**

Margaret Demore, Pro Se
# 175624
Atlantic County Jail
5060 Atlantic Avenue
Mays Landing, NJ 08330

**SIMANDLE, District Judge**

Plaintiff, Margaret Demore, currently confined at the Atlantic County Jail, Mays Landing, New Jersey, seeks to bring this action alleging violations of her constitutional rights in forma pauperis, without prepayment of fees pursuant to 28 U.S.C. § 1915.  At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune

from such relief.  For the following reasons, Plaintiff's complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue Detective Thomas Moynihan of the Atlantic City Police Department.  She claims that on June 7, 2010, her home was searched by the defendant, and she was taken to the police department.  Her house keys were not with her.  One or two days later, Plaintiff's mother-in-law went to the house to pack Plaintiff's belongings and found that the home was "half empty and a child by the age of 15 was found in there with [her] keys."  (Complaint, ¶ IV).

Plaintiff would like to be reimbursed for the items that were taken, including a television, gaming system, jewelry, bed, comforter, shoes, kitchenware, and other items.  She claims that defendant violated her rights by not keeping Plaintiff's keys safe with her property, but instead giving them to a 15-year old.

## DISCUSSION

### A.   Standards for *Sua Sponte* Dismissal

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte

dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Recently, the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at

555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

**B.    Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48

4

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    Property Claims**

Plaintiff's claims concerning property damage due to the defendant's mishandling of her house keys is liberally construed as a federal Due Process claim.

The Due Process Clause prohibits a state or local government entity from depriving a person of property without due process of law. See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979). To analyze a due process claim, a Court conducts a familiar two-part inquiry: a Court determines whether the plaintiff "was deprived of a protected interest, and, if so, what process was his due." Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982); see also Holman v. Hilton, 712 F.2d 854, 858 (3d Cir. 1983).

Property loss caused by the intentional acts of government officials does not give rise to a procedural due process claim under § 1983 where a post-deprivation remedy satisfying minimum procedural due process requirements is available under state law. See Parratt v. Taylor, 451 U.S. 527 (1981) (overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)); see also Zinermon v. Burch, 494 U.S. 113, 115 (1990); Hudson v. Palmer, 468 U.S. 517 (1984); Holman, 712 F.2d at 856. The New Jersey Tort Claims Act ("NJTCA") provides a post-deprivation

5

judicial remedy to persons who believe they were deprived of property at the hands of the State or local government.[1]

Here, the complaint alleges that Plaintiff's property was lost due to the alleged actions of defendant. Although this Court construes this claim as alleging a violation of Plaintiff's due process rights, given the post-deprivation remedy available to her, Plaintiff's recourse after she was deprived of her property would be a common-law tort action against the appropriate defendants under the NJTCA, not a cause of action pursuant to § 1983. Plaintiff does not indicate that she attempted to file a claim pursuant to the NJTCA.

Accordingly, the Court finds that the NJTCA was available to Plaintiff as a matter of law as a remedy for her alleged property loss at the hands of the defendant.[2] See Holman, 712 F.2d at

---

[1] In Logan, however, the Supreme Court explained that post-deprivation remedies do not satisfy the Due Process Clause if the deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action. See 455 U.S. at 435-36; but see Tillman v. Lebanon Co. Correctional Facility, 221 F.3d 410, 421 n.12 (3d. Cir. 2000) (citing United States v. James Daniel Good Real Property, 510 U.S. 43, 53 (1993)) (in "extraordinary situations" such as routine deduction of fees from a prisoner's account even without authorization, post-deprivation remedies may be adequate)

[2] It appears that Plaintiff's due process claim fails as a matter of law even if he is presently barred from pursuing his claims. Under the NJTCA, Plaintiff would have had to have filed a tort claim notice within 90 days of accrual of the claim, as required by N.J. STAT. ANN. §§ 59:8-1 to 59:8-11. See Logan, 455 U.S. at 437; Holman, 712 F.2d at 857 & n. 3.

857; Asquith v. Volunteers of America, 1 F. Supp.2d 405, 419 (D.N.J. 1998), aff'd 186 F.3d 407 (3d Cir. 1999).  Because the NJTCA provided all the process that was due for Plaintiff's alleged property loss, this complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

An appropriate order accompanies this opinion.


 s/ Jerome B. Simandle  
JEROME B. SIMANDLE  
United States District Judge

Dated:    **February 18, 2011**